# OCTOBER 24, 1945

GEORGE ASHWORTH V. THE STATE.

No. 23189. Delivered October 24, 1945.

The opinion states the case.

*W. I. Davis,* of Center, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The conviction was for murder without malice, with the penalty assessed at three years in the penitentiary.

Both appellant and the deceased were members of the colored race and were engaged in working on the yards of a saw mill. Appellant was the foreman and had authority to hire and fire his helpers. He kept their time and made a report to the bookkeeper, who paid them forty cents an hour for the time actually worked. The deceased came into the yard about thirty minutes late and demanded of appellant that he report a full days work for him. The appellant declined to do this. A personal difficulty arose between them because of this demand on the part of deceased and the refusal on the part of appellant. The deceased was ordered to go home and leave the premises, which he refused to do. When appellant resented his cursing and started towards him the deceased ran away, whereupon, appel-

lant returned to his work on top of a stack of lumber. Soon the deceased returned and made an attack on appellant. They engaged in combat which is not definitely and fully described.

The two principal issues raised in the case complain of the court's failure to charge the jury on the right of appellant to put the deceased off of the property, and because of the failure of the court to charge the law of self-defense as against a milder attack than one creating fear of death or serious bodily injury. The evidence referred to, as a basis for such contention, was given by appellant and is quoted in part as follows. "And so then he made it at me. As he made it at me I taken my knife out of my pocket and when he made at me I threw my left arm up—he raised his right hand, I threw my left arm up in his breast, trying to push him back from me, as we pushed against one another like that (indicating). He kept pushing me back towards the cab of the truck, in there by that lumber; I was pushing him back; I jugged him with my pocket knife. Then felt him releasing from against me. I turned and walked off from him then. I jugged him with my pocket knife because I didn't know what he had. I couldn't see what he had when he came back up there to rush me. From his action there I didn't know whether he was going to cut me or what, the way he came in to me. The way he came it looked like he was going to either cut me or whip me, or something. Buckley would outweigh me. He would outweigh me twelve or fourteen pounds, something like that, I don't know what his age was; I think he gave it in the office 20 or 21. He was a strong and stout man; stout built. He could handle me. He was a much stronger man than me. I didn't ever have any intention of killing the deceased. At that time, when he was pushing me, I didn't have no intention to kill nobody; I never had an idea like that; I was just trying to protect myself and get him back from me. I was just doing my best to keep him back from me. * * * * * * * * and the way he was coming on me I didn't know what he had; I threw my hand up to protect myself, tried to push him back; I couldn't keep him pushed back; he just kept coming on me. As to why I cut him—I just kept telling him—I didn't say no other word. I just jugged him; thought maybe he would get back off of me then. I cut him to try to protect myself. At that time I had fear of my life or serious bodily injury at his hands; I was scared; I didn't know what he had, the way he was coming on me."

There is no evidence in the record that the deceased made any attempt to injure any of the property, or to remove it from the premises. Appellant stated his purpose which was to defend

himself and there is no issue raised to warrant the submission of the charge relative to the right of appellant to protect the property.

The evidence does raise an issue as to whether or not appellant feared an attack which might result in harm less than death or serious bodily injury. He was entitled to have a charge submitting to the jury his rights under such circumstances. The jury might have doubted his fear of death, or serious bodily injury, under all of the facts of this case. If so, it would become their duty to consider the rights of appellant to defend himself against a milder attack. Objection was made to the court's charge, because it did not contain an instruction on this issue,, and, in our opinion, the learned trial judge fell into error in failing to give it. We could review many authorities to substantiate this conclusion and refer especially to Britton v. State, 253, S. W. 519, and the authorities cited by the court in paragraph 2, on page 520. See also Art. 1224, Vernon's Ann. P. C. and annotations.

Our attention has been called to the case of Mounts v. State, 185 S. W. (2d) 731. We think the distinction between the two cases is apparent. In the instant case there was an actual combat and not a mere threat of danger. In the Mounts case there was no actual combat, as required by the statute.

The judgment of the trial court is reversed and the cause is remanded.