# NOVEMBER, 1947

GEORGE ASHWORTH V. THE STATE.

No. 23706. Delivered October 29, 1947.
Rehearing Denied November 26, 1947.

W. I. Davis, of Center, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of two years.

This is the second appeal in this case. The opinion rendered in this case on the former appeal may be found reported in Vol. 189 S. W. (2d) 875 (148 Texas Crim. Rep. 561) where the facts are briefly stated. The evidence adduced on his second trial is not materially different from that of the first trial and we see no need to here restate the facts.

Appellant's first contention is that the trial court erred in declining to submit to the jury his four specially requested charges or incorporate one of like import in his main charge. His requested charges, in substance, were to the effect that the owner or person having legal possession of property has the right to defend his possession in person or through an employee, and an employee, when placed in possession, has the same right to prevent an intrusion upon the possession as the owner and has a right to resort to such force as may seem necessary to prevent a trespasser or to eject a trespasser from the premises, etc. On his former trial, he requested similar charges,

which the court declined to submit, of which he complained and brought the same to this Court for review. Upon due consideration of the question we decided that he was not entitled to such instruction since the evidence failed to raise such an issue. On this appeal, he contends that the evidence is different and did raise the issue. We cannot agree with this contention. The deceased was an employee of the lumber mill as well as appellant. He had a right to enter upon the premises although thirty minutes late. He did not attempt to dispossess anyone or take possession of the premises, nor did he injure any property or attempt to unlawfully carry any of it away, nor did he smoke or attempt to smoke in violation of the rules of the owners of the mill. From the foregoing brief statement of the facts it will be noted that an issue was not raised which required or called for the submission of the charges requested.

Appellant cites us to the case of Carr v. State, 55 S. W. 51 as being directly in point with the question here presented. The facts in that case are not similar to the facts in the instant case. In that case, both the appellant and deceased were seeking to obtain a patent to the land in question by actual settlement. On the day before the homicide, the deceased had been dispossessed and appellant placed in possession of the premises by virtue of a judgment in the county court in a forcible entry and detainer suit. On the following day, the deceased, accompanied by two parties, came in a wagon to carry away his personal property which had been moved some distance away from the enclosure. They came armed and when they had partly loaded the wagon, two of the parties came into the enclosure, went to the well, drank some water, and then sat there. Appellant came to the back door and ordered them to leave. The deceased's companion left immediately but the deceased remained, whereupon, appellant shot him.

By Bill of Exception No. 6, appellant complains of the court's action in overruling his motion for a new trial based on newly discovered evidence, in this, that upon the trial of the case, one Robert Clark testified that the deceased had on gloves at the time of the fatal encounter; that since the trial, he, appellant, learned that one Hugh Brown, who was summoned as a. witness for the State and who was present at the time of the difficulty, would testify that the deceased was not wearing gloves at the time as testified to by Robert Clark. The record reflects that the court, upon the hearing of the motion, heard evidence relating thereto. The evidence, as adduced, showed that Hugh Brown was in attendance upon the trial of this case; that he

sat in the court room and heard the testimony of each witness; that he heard the testimony of Robert Clark to the effect that the deceased had on gloves; that after said testimony was in, counsel for the appellant talked with Hugh Brown and was told by Brown what his testimony would be; that he didn't know whether or not the deceased had on gloves at the time in question. However, appellant claimed that later he received information that Brown would testify that the deceased did not have on gloves at the time of the difficulty. An affidavit by Brown to that effect was attached to appellant's motion for new trial. It is our opinion that the court did not err in overruling the motion on the ground of newly discovered evidence. The rule is that the burden is upon the appellant in such instances to satisfy the court—First, that the new evidence has come to his knowledge since the trial. Second, that it was not due to a want of diligence on his part that it was not discovered earlier. Third, that on another trial it would likely produce a different result. Fourth, that it was competent, material to the issue, going to the merits of the case and not merely cumulative, corroborative, or to impeach a witness. If it fails to establish any of the essential elements mentioned, a new trial should be refused. See Burns v. State, 12 Tex. Cr. App. 269; White v. State, 10 Tex. App. 167; Graham v. State, 163 S. W. 726; McGaughey v. State, 169 S. W. 287. See Art. 563, Vernon's Ann. C. C. P., Note 25 where many authorities are cited. Under the facts and the authorities we do not believe that the court erred in overruling the motion.

Moreover, a motion for new trial based on newly discovered evidence is largely addressed to the discretion of the trial court and unless it is made to appear that the court has abused his discretion with respect thereto, no reversible error is shown. See Runnels v. State, 276 S. W. 289; and Robinson v. State, 28 S. W. (2d) 158. However, we do not believe that the newly discovered evidence, even if true, was material and probably would produce a different result on another trial.

By Bill of Exception No. 7, appellant claims misconduct on the part of the jury, in this, that after the jury had been selected and impaneled, J. J. Ashberry, one of the jurors, arose from his seat, walked by the sheriff and requested the sheriff to go with him to the rest room, but the presiding judge called to him whereupon he stopped. The juror had just passed three or four steps from the sheriff right by the panel (the jury box where the jury sits); that the juror was at no time out of the view and presence of the sheriff or the court; that he conversed with

no outsider; that all he did was to ask the sheriff to go with him to the rest room and at no other time did he separate from the panel. It is our opinion that under the facts of this case, there was no separation of the jury in violation of Art. 668, Vernon's Ann. C. C. P., at least, not such that would require a reversal of this case. See Galvan v. State, 150 S. W. 1171; Guerrero v. State, 171 S. W. 731; Watson v. State, 199 S. W. 1113; and Jones v. State, 46 S. W. (2d) 308.

Appellant also complains of the action of the court in overruling his motion for a continuance based on the absence of one George T. Patterson, General Manager of the mill. In his application he states that he expected to prove and would prove by said absent witness that he, the witness, was the manager of the mill; that the rules adopted by the owners of the mill prescribed the manner and method of stacking the lumber; that no smoking was allowed; and further that appellant had a good reputation as a law abiding and peaceable man. The only fact which he expected to prove that was material was his reputation, and this was admitted by the State to be good. The other matters were immaterial, consequently, he suffered no injury from the action of the court in overruling the motion. See Brooks v. State, 24 Tex. App. 274 (284); Peace v. State, 27 Tex. App. 83.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends that we were in error in our original opinion herein wherein we failed to hold that the trial court was in error in failing to charge the jury on the law as to appellant's right of self-defense in connection with his right to possession of property. In this connection, appellant's attorney attempts to draw a parallel between the present case and that of Carr v. State, 55 S. W. 5, 41 Tex. Cr. R. 380, and differs with the original opinion wherein it states that the facts in the Carr case are not similar to those here present. We think the original opinion is correct in its delineation of the facts shown in the Carr case; no such state of facts appear herein. In the instant case, the deceased was not attempting to take possession of nor

damage any property over which appellant had control, was not violating any rules in so far as shown, and was not fatally cut because he refused to leave the sawmill property. According to appellant's testimony, which stands alone thereon, the deceased was making an attack upon him, and appellant cut him in his own self-defense; that he was not trying to eject the deceased from the premises, but was merely defending himself from an unlawful attack. In the Carr case, supra, among other things, it is said:

"Of course, it is not to be understood that he had a right to slay anyone who might trespass upon his possession, or to slay one who refused to leave the premises on his command."

We do not think the evidence raised the issue of defense of property, and the trial court committed no error in refusing to charge thereon.

The motion for rehearing will therefore be overruled.