LOUIS F. BERTRAND V. STATE.

No. 24835. October 25, 1950.
State's Motion for Rehearing Denied December 6, 1950.

*W. J. Baldwin,* Beaumont, for appellant.

*Jep S. Fuller,* Criminal District Attorney, and *Ramie Griffin,* Assistant Criminal District Attorney, Beaumont, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder, with a life sentence in the penitentiary.

The evidence in the case is sufficient to support a conviction for murder with malice. The statement of facts in this case is remarkable in that all of the evidence from the witnesses called by both state and the defense is in perfect harmony as to all material facts.

The scene was a regular gambling room in connection with a restaurant, over which was a hotel, in the less pretentious area of Port Arthur. It was a place to which the witnesses and others commonly resorted for the purpose of playing poker. On the night in question the owner of the place had retired, prior to the homicide, and appellant was left in charge. The deceased, a young man described as having a very powerful physique, came into the place about midnight while some of the witnesses were gambling but before others had entered the game. He presented a hundred dollar bill and purchased fifty dollars worth of chips. Soon his supply of chips was depleted and he purchased thirty dollars more. Finally, with twenty dollars in his pocket and twelve dollars and thirty cents worth of chips, he wanted to cash a check. Appellant referred his request to the owner of the place, whom he called from his bedroom.

The proprietor of the place attempted to by-pass his request to cash the check. Deceased became enraged and beat the pro-

prietor up with his fists and turned on an older man, knocked him down and, if we understand the evidence on the subject, he knocked down at least another. Appellant remonstrated with him and he turned to attack him asking the question if he desired some of it. The statement this far is made by practically all of the witnesses.

All of the evidence is to the effect that there was no drinking going on in the place and no one was under the influence of intoxicating liquor, unless it was deceased who had drank some beer prior to entering the game.

Appellant testified in his own behalf that he shot the deceased in self-defense. He said: "I shot the man because the man I figure, was dangerous to my life, what I had seen, what he had done for the other people. At the time I shot him he had hit me in the temple on the side of my head and right here in my stomach. The first lick is when he knocked my glasses off and he layed me on the second table and when I got up on my feet from the table, the first lick, as soon as I got on my feet, that's when he struck me here in my stomach, and I started backing away from the man, and I started begging him not to hit me, * * * and he kept coming, and I said, 'If you don't stop I am going to shoot you,' and the man didn't seem to stop, * * *." He said that he shot him because that was the only way to make him stop; that he was afraid the man was going to beat him to death, because he was a much larger man than appellant; that he thought he was going to have to shoot him to save his own neck and that he shot him when the deceased got upon him (the appellant). On re-direct examination he said: "I told the jury that when I shot the man he was still coming on me and I was begging him not to come on me that I was sick, and I am still a sick man."

Appellant was dissatisfied with the court's charge on self-defense because it limited his right of defense in that it required the jury to find that he had used no greater force than was necessary. He presented a proper charge with the request that it be submitted and this the court refused to give, as shown by Bill of Exception No. 3. The complained of paragraph of the court's charge reads as follows:

"You are instructed that every person is permitted by law to defend himself against any act of unlawful violence offered to his person, but in exercising his right of self-defense he is only permitted to use such degree of violence as is reasonably

necessary to prevent or protect himself against such unlawful attack, and you will view the facts and circumstances from the standpoint of the defendant. Now if you believe from the evidence, or if you have a reasonable doubt thereof, that the defendant in inflicting injury upon the said H. C. Edgerley, if he did so, as charged in the indictment, acted in his own necessary self-defense, as it appeared to him, against an assault made by the said H. C. Edgerley upon him, or to prevent such assault, and that he, the defendant, did not use greater force than was necessary to prevent such assault as it appeared to him, then you will find him Not Guilty. In this connection you are instructed that the defendant is not bound to retreat to avoid taking the life of his assailant."

Appellant was entitled to a charge on self-defense unrestricted, by reason of the foregoing quoted evidence. See Ashworth v. State, 148 Tex. Cr. R. 561, 189 S.W. 2d 875, and authorities therein discussed.

We have considered the other bills of exception and fail to find any error reflected by them.

Because of the error in the court's charge, the judgment of the trial court is reversed and the cause is remanded.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

The state insists that we were in error in holding that appellant was entitled to an unrestricted charge on self-defense.

The real question is, does the evidence raise the issue of self-defense against an attack threatening death or serious bodily injury, or is the evidence such as to raise only the right to kill in defense against a violent and unlawful assault not involving fear of death or serious bodily injury?

The right of self-defense exists in all cases of unlawful attack, but the right to kill does not co-exist in all such cases. See Forest v. State, 108 Tex. Cr. R. 159, 300 S.W. 51.

It is only in the case of homicide in defense against an unlawful attack other than one giving rise to a reasonable apprehension of serious bodily injury or death that the right to kill is limited by the requirement that no more force than neces-

sary be used. Such character of attack is described in Art. 1224, P.C., wherein the right to kill in defense therefrom is further limited by the requirement that the killing take place while the unlawful attack is in progress, and that all other means be resorted to before killing the aggressor.

If the evidence raises the issue that the unlawful assault being defended against was such as to create in the mind of the accused a reasonable apprehension of death or serious bodily injury, he is entitled to have the jury instructed on his right to kill in defense against such attack, unrestricted by a charge on excessive force.

Appellant testified that having seen what the deceased had done to the others, he "figured" that he was "dangerous to my life." He further testified that he was afraid the deceased was going to beat him to death because he was a much larger man; that "he thought he was going to have to shoot him to save his own neck."

The deceased was shown to be 28 years of age and his weight was estimated by one witness at from 230 to 240 pounds. He was described as "a well-built man, one of the best."

Appellant testified that he was 58 years of age and weighed 175 pounds, and that he was a sick man—had an ulcerated stomach.

It must be remembered that it is the right of an accused to have submitted to the jury every defensive issue that is raised by the evidence whether such evidence be strong or weak. See Perez v. State, 146 Tex. Cr. R. 241, 172 S.W. 2d 314; Pounds v. State, 142 Tex. Cr. R. 52, 150 S.W. 2d 798; Matterson v. State, 142 Tex. Cr. R. 250, 152 S.W. 2d 352.

We remain convinced that appellant's testimony raised the issue that an unlawful attack made by the dceased upon appellant was such as to create in his mind a reasonable apprehension of serious bodily injury at the hands of the deceased.

The jury should have been instructed as to the law applicable to appellant's right to defend himself against an attack giving rise to apprehension of death or serious bodily injury, as requested by appellant, as well as an instruction on self-defense against a milder attack such as described in Art. 1224, P. C.

The state's motion for rehearing is overruled.

Opinion approved by the court.