## John Robert Turley v. State

No. 33,851.   December 6, 1961

*Van Zandt & Sanford,* Sherman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, three months in jail.

In view of our disposition of this case, a recitation of the facts is not deemed necessary other than to recite that Officer Bell arrested appellant for speeding, and the assault which constitutes the basis of this prosecution was incident to such arrest.

Appellant and his witnesses testified that Officer Bell, after some heated words with appellant, hit him in the head with a clipboard and that appellant did nothing but engage in a "scuffle" with Bell following this assault by Bell.   Appellant further testified that he would have gone with Bell voluntarily if he had not been hit by the clipboard.

Appellant requested a charge to the effect that he had the right to defend himself against the use of greater force by the officer than was required to effect the arrest, and the same was refused.   In such refusal, we have concluded that the learned trial court fell into error.   We quote from 24-A Tex. Jur., sec. 101, p. 689:

"A defensive theory raised by the evidence should always be submitted to the jury, even though the evidence is conflicting. This is true even if the trial court is of the opinion that the testimony is not entitled to credence."

Appellant in his brief relies upon Stanfield v. State, 118 Tex. Cr. Rep. 47, 38 S.W. 2d 94, and 6 Tex. Jur. 2d, sec. 55, p. 197, and we have concluded that such authority supports his position.

Upon another trial, the question of the argument will probably not occur.

For the error pointed out, the judgment is reversed and the cause remanded.