**Charles Wallace BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38890.**

Court of Criminal Appeals of Texas.

Jan. 19, 1966.

Rehearing Denied March 9, 1966.

Adelfa B. Callejo, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., John Vance, Tom Reese and W. John Allison, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellant was convicted for assault with intent to rape, and his punishment was assessed at thirty-five years.

The prosecutrix testified that while she was asleep about 12:30 A.M., in her bedroom with the door locked, she was awakened by a noise at the door of her bedroom which she, at the time, thought was caused by the suction fan in the apartment house; that shortly thereafter the appellant broke the door lock and entered her room; and by the light from the hall she recognized the man entering her room as being the appellant who was known to her as Jack Scholl or Jack Scholts and who had two or three days previously rented a room in the same building. When the appellant came through the door the prosecutrix began screaming, and appellant leaped upon her body, grabbed her by the throat with one hand and put the other over her mouth. The prosecutrix heard another roomer

come out into the hall but she was unable to say anything before the roomer returned to her room. Appellant told the prosecutrix not to make a sound or he would kill her, and when he told her he wanted to have intercourse, she would not consent, and begged him not to bother her, but he continued the pressure on her throat with one hand as he undressed himself with the other, and he then made her pull off her panties, and while between her legs he grabbed her left breast, telling her to "put it in," and she said she couldn't because she was too small. Under the ruse of getting a lubricant from the dresser, he held her as she went to the dresser where he slackened his grip and she jerked the door open and ran into the hall screaming. The appellant, nude, overtook her, knocked her down and beat her on the head, and when a nearby roomer began opening her door, the appellant returned to the prosecutrix's room. From the roomer's window the prosecutrix screamed for help, and shortly another roomer came. In a brief time they saw the appellant leaving prosecutrix's room. The police soon arrived and were given a description of the appellant and the prosecutrix was taken to the hospital.

One of the roomers testified that she was awakened by a woman screaming, and when she opened the door she saw the prosecutrix in the hall and the prosecutrix was screaming; and in a short time the witness saw the appellant leave the prosecutrix's room, and while testifying she identified the appellant as the man who had rented a room two or three days before; that there was blood on the sheets in prosecutrix's room, and also blood on the door and walls of the other apartment.

The investigating officer, who saw the prosecutrix at the scene, testified that she was distraught and nervous, had blood on her, and had been injured on the head.

The appellant was apprehended about 3:30 A.M., July 14, while asleep in another person's automobile after the owner of the car had called the police. This occurred July 14, following the offense allegedly committed in this case on July 10.

The written statement of the appellant which was made in accordance with the statutory provisions applicable thereto was introduced in evidence and it reads in part as follows:

"I ran into the apartment. I saw a woman *laying* on the bed, and I jumped on the bed on top of the woman. * * * I did not know the woman that I jumped on."

The appellant did not testify but called the state's attorney trying the case as a witness and then appellant's counsel testified. He sought to prove by the state's attorney that he had information in his file showing that the appellant had twice been confined in a mental institution but this was denied. The state's attorney exhibited Dr. Holbrook's report in which he stated, "I feel that he (appellant) does have some recognition of right from wrong, right and wrong," and that appellant would not discuss the instant case with him. Appellant's attorney testified that he felt personally that the appellant was not sane at the time of the commission of the crime, and was not at that time sane. The court charged the jury upon the law applicable to insanity at the time of the commission of the alleged offense and at the time of the trial.

The appellant contends that the testimony of the prosecutrix is incredible and renders the evidence insufficient to support the conviction.

■ From the facts and the law applicable thereto, there appears no exception to the express provision of the statute that the jury is the exclusive judge of the facts proved, and of the weight to be given to the testimony. It is concluded that the evidence is sufficient to support the jury's finding that the appellant is guilty as charged and sustains the conviction. 56 Tex.Jur. (2) 535, Sec. 193.

■ It is contended that it was fundamental error to admit the written statement of the appellant in evidence; and that it was error for the trial judge to fail to determine the issue of the voluntary nature of said written statement.

The testimony of the officer to whom the written statement was made fairly and adequately reveals that it was made in compliance with applicable provisions of the statute before it was admitted in evidence. Further, no evidence was offered raising an issue as to the voluntary nature of the confession prior to the time it was admitted in evidence, and none was thereafter offered raising such issue. No objection was made to the admission of the statement on the ground it was not voluntarily made. No request was made that an issue as to the voluntary nature of the written statement be submitted to the jury, and none was submitted. No error is presented. Hintz v. State, Tex.Cr.App., 396 S.W.2d 411.

■ Fundamental error is urged on the ground that the trial court refused appellant's motion for continuance to obtain medical testimony as to the defense of insanity because such evidence was kept from him by the state.

No written motions were made for a continuance as required by statute.

According to the record the first mention of continuance is found in the statement of facts immediately after the state had rested its case in chief. At this time, as reflected by the statement of facts, the appellant orally asked for a continuance to give him time to get medical testimony on the question of insanity because the witness was out of town.

To support a plea of insanity the appellant applied for and a subpoena was issued for Dr. John T. Holbrook, a psychiatrist, but he was out of town.

The state's attorney, called by the appellant, testified that he did not recall knowing that appellant had been in a mental hospital, and took Dr. Holbrook's report of his examination of the appellant from his file. While testifying, the state's attorney examined the report at the request of appellant's attorney and stated that it did not reveal anything about any mental institution; and that Dr. Holbrook further stated in the report that, "I feel that he does have some recognition of right from wrong, right and wrong", that appellant would not discuss this case with him, and that he was the type of person who would try to escape from custody. The appellant did not offer Dr. Holbrook's report in evidence; it is not in the record, and there is no showing what his testimony would be.

The indictment was returned August 14, 1964, and an attorney was appointed for him September 15, 1964, and the case was reset for October 5, to permit said attorney to prepare for trial. It was again reset for October 26, 1964, and tried on that date. Motion for new trial was filed November 5, 1964, but withdrawn on December 4, and sentence was pronounced and notice of appeal given on that date. According to the record this case was tried on the fourth setting.

The regular judge of the court in which this case was tried suffered a heart attack in August, 1964, and was incapacitated until January 4, 1965.

The contention urging fundamental error is overruled.

The other contentions urged as error have been considered and they do not reveal error.

There are no formal bills of exception and no objections to the court's charge.

The judgment is affirmed.

Opinion approved by the Court.