**Alexa BANKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40286.**

Court of Criminal Appeals of Texas.

April 5, 1967.

Frank Maloney, of Maloney & Black, Austin, Thomas B. Cowden, Austin, for appellant.

M. E. Laas, County Atty., Bellville, G. F. Steger, County Atty., Columbus, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The information charged aggravated assault upon a peace officer in the performance of the duties of his office; the jury found appellant guilty of simple assault, and a fine of $5.00 was assessed.

This 600 page record reflects the zeal with which this case was prosecuted and defended.

Appellant was a 60 year old married woman who had never before been accused of any violation of the law. She testified that Sheriff Maddox, (age 46) came upon her mother's property and announced that he was going to give her a ticket for obstructing a public road. She stated that she immediately moved her automobile, but that Maddox was not satisfied and persisted in debating her guilt in obstructing what he contended was a public road, and that this led to heated words as to his dereliction in failing to apprehend the persons who had previously destroyed her rock wall. She stated that during such debate her 64 year old husband offered himself for arrest if the sheriff would leave her and her 78 year old mother alone, but that the sheriff said he was going to take the whole "push" to jail and assaulted her as if she were a cow or an animal, holding her head back and her hands behind her back. She denied that she made any overt physical gesture toward Maddox at any time. She stated that as he was forcing her into his automobile, he placed his hand over her face and some of his fingers into her mouth "and I remember doing my teeth this way (indicating) in self defense, because I couldn't breathe. I was just almost exhausted." Her testimony was supported by her husband and her mother. This one bitten finger, which resulted in no permanent injury, constitutes the basis of this prosecution.

The above is a sufficient statement of appellant's testimony to demonstrate that the trial court erred in failing to submit appellant's requested charge on the law of self defense which is a part of appellant's second ground of error.

In Stanfield v. State, 118 Tex.Cr.R. 47, 38 S.W.2d 94, this Court said, "One making an illegal arrest, or one making an arrest in an illegal manner, is a trespasser, and the extent to which such arrest may be lawfully opposed is governed by the law of self defense."

As we stated in Turley v. State, 171 Tex.Cr.R. 514, 352 S.W.2d 130, "[a] defensive theory raised by the evidence should always be submitted to the jury, even though the evidence is conflicting."

For the error of the court in failing to give an appropriate charge raised by the defensive evidence, the judgment must be reversed. We have concluded that the jurisprudence of this State would not be benefited by a discussion of the many remaining grounds of error assigned.

For the error pointed out, the judgment is reversed and the cause remanded.