Charles **RANDALL**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 42431.

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Kahn & Ortego, by Leonard C. Kahn, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and Edward B. McDonough, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is aggravated assault; the punishment, 30 days in jail.

The undisputed evidence shows that appellant committed an assault upon P. Michna, a uniformed officer of the City of Houston who, with his fellow officer R. Nieto, had stopped a motor vehicle in which appellant was a passenger, the assault having been committed while Officer Nieto was at a nearby telephone checking on the license of the driver and to verify that warrants for appellant's arrest for traffic violations were still outstanding.

According to the testimony of the officer upon whom the assault was made, appellant had walked away during the conversation. Officer Michna asked appellant to step across the street where the patrol car was but did not touch him. Appellant stopped in the middle of the street, said "Don't you touch me you m--- f---" and raised his hand to strike the officer who then grabbed his hand and arm and appellant hit him on the side of the head and then knocked him down.

Appellant did not testify but called Scott Martin, driver of the car, who testified that Officer Michna had appellant by the arm, "he was almost carrying him across the street." Appellant asked the officer to take his hand off of him several times and was asking the officer if he was under arrest. According to the witness Martin, Officer Michna told appellant he couldn't tell him what to do and got him around the neck and was choking appellant when appellant, who "hadn't done anything but ask him to take his hands off and asked if he was under arrest—" hit Officer Michna.

■ The fact that appellant was detained by reason of the check on the license of the driver and/or to verify whether traffic offense warrants were outstanding against appellant furnished no defense to his assault upon the officer, if such officer had used no force and had not touched him or restrained him by force.

■ Appellant's ground of error No. 3 complains that the trial court erred in failing to instruct the jury as to his right to use such force as was reasonably necessary to defend his person from an unlawful attack or to extricate himself from unlawful detention.

Whether the testimony of the defense witness, if true, shows an illegal arrest or an arrest or detention made in an illegal manner, such testimony raised a defensive theory which should have been submitted to the jury. Bertrand v. State, 155 Tex.Cr.R. 280, 234 S.W.2d 244; McCune v. State, 156 Tex.Cr.R. 207, 240 S.W.2d 305.

No defensive issue having been submitted, the charges requested and denied which sought to have the jury instructed as to appellant's right to defend himself and to relieve himself of restraint are deemed sufficient to direct the trial court's attention to the absence of any submission of a defensive theory raised by the testimony of the defense witness Martin. Eubanks v. State, 57 Tex.Cr.R. 153, 122 S.W. 35; Silva v. State, 102 Tex.Cr.R. 415, 278 S.W.

216; Whitehead v. State, 161 Tex.Cr.R. 573, 278 S.W.2d 858; Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762.

The failure to submit such defensive issue deprived appellant of a fair trial, was calculated to injure the rights of appellant and requires reversal.

The judgment is reversed and the cause remanded.