**Harold E. HARRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43374.**

Court of Criminal Appeals of Texas.

April 7, 1971.

Wm. E. Wiggins, Texarkana, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for murder; the punishment was assessed by a jury at life.

In view of the disposition we make of this case, a statement of the facts will not be necessary. Suffice it to say that the evidence of the state reveals that appel-

lant shot the deceased with a gun. Appellant objected to the introduction of his written statement into evidence. Relying on Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, he contends that the trial court committed reversible error by not conducting a hearing on the voluntariness of the statement or confession. No independent findings were made by the court, nor was the issue submitted to the jury in the court's charge.

Article 38.22, Sec. 2, V.A.C.C.P. states:

"In all cases where a question is raised as to the voluntariness of a confession or statement, the court must make an independent finding in the absence of the jury as to whether the confession or statement was made under voluntary conditions. * * *"

And Section 3 of Article 38.22, supra, states:

"When the issue is raised by the evidence, the trial judge shall appropriately instruct the jury, generally, on the law pertaining to such statement or confession."

To determine whether or not the question as to voluntariness was *raised* we refer to the transcript of the evidence.

The state offered a confession or statement into evidence at which time counsel for appellant asked for and was granted permission to take the officer who was testifying concerning the said statement on voir dire examination. After having questioned him on voir dire, the following occurred:

"MR. WIGGINS (counsel for appellant): If the Court please, we are going to object to the admission in evidence of the statement made, for the reason that the statement is not a voluntary statement but according to the Witness' testimony the Defendant was incarcerated at the time the statement was taken from him, had been in there since December 7th, until December 8th, the time the statement was made, and we feel like his continual incarceration was an inducement or in effect a threat to the Defendant to give a statement which he did make; and for the further reason that we object on the grounds that it is in violation of an Amendment of the United States Constitution that a person may not be called on to testify against himself, and for the further reason that it violates the Fourteenth Amendment of the Constitution in that it was not taken in due process of law.

"THE COURT: Is that your objection? All right. It is overruled.

"MR. WIGGINS: Note our exception."

Later in the testimony, when the state was questioning the Sheriff, the following colloquy occurred:

"Q. Sheriff, you were present when this occurred? Was this statement given by the Defendant freely and by his own volition?

"A. It was.

"MR. WIGGINS: If the Court please, we are going to object to that question. That's a matter we contested, that the statement was not given voluntarily under the circumstances.

"THE COURT: Sheriff can describe the circumstances. I will overrule your objection.

"MR. JONES: I'd like to hear that objection again. Could you read that objection back to me, please?

"COURT REPORTER: Said that they objected that it was a matter we contest, and say it was not given voluntarily.

"MR. JONES: In other words your objection, you're objecting to the Sherriff saying that it was voluntar*ily* because you said it wasn't. Is that your objection?

"MR. WIGGINS: We object to it because it was not voluntary."

\*   \*   \*   \*   \*   \*

"Q. Now, where was this warning given?

"A. Given at the Sheriff's office.

"Q. You were at the Sheriff's office? So Judge Pearson actually didn't have him in his offices, stated in this certificate as Justice of the Peace's Office.

"A. It was in the Sheriff's office.

"Q. In the Sheriff's office?

"MR. WIGGINS: We further move that the statement be stricken on the grounds that the office inferred is incorrect.

"THE COURT: It doesn't make any difference where the statement was made as long as this man was getting a warning. So I overrule that.

"MR. WIGGINS: Note our exception."

Later in the questioning of this same witness, the following occurred:

"A. I don't recall him saying anything about it. The judge gave him the warnings.

"MR. WIGGINS: If the Court please, we renew our original objection in that the statement was not given voluntarily.

"THE COURT: All right. Overrule your objection.

"MR. JONES: It is received in evidence, Your Honor?

"THE COURT: Yes, sir."

■ This court has held that when *no* objection as to voluntariness is made, and *no* request made to submit the question to the jury, no error is shown. Brooks v. State, Tex.Cr.App., 399 S.W.2d 357; Hintz v. State, Tex.Cr.App., 396 S.W.2d 411; Johnson v. State, 169 Tex.Cr.R. 612, 336 S.W.2d 175, cert. denied, 364 U.S. 927, 81 S.Ct. 355, 5 L.Ed.2d 267.

Also the question of voluntariness may be waived when counsel states "No objection." Barnes v. State, Tex.Cr.App., 409 S.W.2d 849.

However, *upon request* it is error for the trial court not to make findings of fact and conclusions of law. Treadway v. State, Tex.Cr.App., 437 S.W.2d 572; McIlwain v. State, Tex.Cr.App., 402 S.W.2d 916; Lopez v. State, Tex.Cr.App., 384 S.W.2d 345. And it is error not to submit the issue of voluntariness to the jury. Washington v. State, Tex.Cr.App., 388 S.W.2d 200; Lopez v. State, supra.

■ The appellant did not testify, nor did he offer any evidence on the voluntariness of the statement or confession. We hold, however, that the repeated objections by counsel were sufficient to *raise* the issue, and the court fell into reversible error by not resolving it.

■ In light of the disposition made, we will not discuss other grounds of error; however, it should be noted that if the statement is admitted into evidence on another trial, the defense of accident was raised therein and should be submitted to the jury. The statement said: " \* \* \* I picked up the gun to uncock it and put it up, then I heard it go off \* \* \*"

"A defensive theory when raised by the evidence should always be submitted to the jury. The defendant has a right to an affirmative instruction on every defensive issue raised by the evidence whether the evidence is produced by the state or by the defense, whether it is strong or feeble, whether it is unimpeached or contradicted, or whether it is conflicting. Where the truth of the testimony is for the jury to determine, a charge on a defensive issue raised by the testimony should be given, even if the trial court is of the opinion that the testimony is not entitled to credence. 31 Tex.Jur.2d 660, Sec. 110.

See also Randall v. State, Tex.Cr.App., 447 S.W.2d 912; Washington v. State,

supra; Turley v. State, 171 Tex.Cr.R. 514, 352 S.W.2d 130.

The judgment is reversed and the cause is remanded.

DOUGLAS, Judge (dissenting).

I dissent to the reversal of this conviction. At no time did the appellant ask for a hearing outside the presence of the jury on the voluntariness of the confession. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, which holds that hearings on the voluntariness of confessions be held outside the presence of the jury was decided in 1964. Article 38.22, V.A.C.C.P., was passed in 1965, and was of common knowledge before this case was tried. If appellant thought that a hearing outside the presence of the jury should have been held, he could have asked for one.

No evidence was offered before the jury on the voluntariness of the confession and no contention is made that he was refused the right to do so. No proffered testimony was submitted at any time on the voluntariness of the confession which could have been done under Article 40.09, Section 6 (d) (1), V.A.C.C.P.

Objections of counsel do not constitute proof of the facts stated, and the fact that appellant's counsel stated that the confession was given involuntarily did not make an issue for the jury.

Since there was no evidence before the jury on the involuntariness of the confession, an instruction thereon was not called for. Gaston v. State, Tex.Cr.App., 435 S.W.2d 858. Such an instruction would have been improper under the facts of this case.

As long as we have an adversary system and where the law has been spelled out, as in this case by the Supreme Court of the United States in Jackson v. Denno, supra, and by the Legislature in Article 38.22, supra, the appellant should have requested a hearing out of the presence of the jury in order to obtain a reversal.

In Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31, the Supreme Court of the United States stated, "This Court has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances * * * " and, "Hence, because a disputed confession may be found involuntary and inadmissible by the judge, it would seem prudent to hold voluntariness hearings outside the presence of the jury."

Apparently the court did not disapprove, and it might be argued that it approved, the rule of the New Jersey Supreme Court which provides for hearings outside the presence of the jury upon request when it inserted in a footnote the following:

"The New Jersey Supreme Court has recently announced that from September 11, 1967, hearings on admissibility shall be outside the presence of the jury if the defendant so requests. See State v. Broxton, 49 N.J. 373, 386, n. 2, 230 A.2d 489, 496, n. 2 (1967)."

The Supreme Court noted that the respondent (Pinto) stated that he had no objection to the testimony being taken in the presence of the jury, and then held:

"Since trial counsel consented to the evidence on voluntariness being taken in the presence of the jury, and the judge found the statement voluntary, respondent was deprived of no constitutional right."

Mr. Justice Fortas concurred because the respondent agreed to the hearing before the jury. He noted that Jackson v. Denno means that the judge and jury must each make an independent judgment on the voluntariness of the confession and that on hearing the evidence simultaneously with the judge, the jury is not apt to approach disagreement with him.

In the present case neither the judge nor the jury heard any evidence on voluntari-

ness, and one could not have influenced the other because there was no evidence before either upon which to make a finding.

The Supreme Court of the United States held in Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524, a habeas corpus proceeding, that the failure to allege facts that would establish involuntariness of his confession bars the granting of a new hearing on voluntariness even though the state trial court did not comply with Jackson v. Denno, supra.

Again in the present case, appellant does not show facts that would entitle him to a reversal. He does not contend that it was reversible error because he did not get a hearing.

Because the appellant did not request a hearing outside the presence of the jury or make an offer of proof to make an issue of voluntariness, no reversible error has been shown.

For the above reasons, I respectfully dissent.