NUMBER 13-05-112-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DUANE LEE STEARNS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 25th District Court of Gonzales County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Duane Lee Stearns, appeals his conviction for murder. (1) Appellant's
punishment was assessed at twenty years' imprisonment. In two issues, appellant asserts
that the trial court erred by admitting (1) opinion testimony and (2) appellant's written
confession. We affirm. (2)

The Issues

 In his first issue, appellant contends the court erred in permitting two law
enforcement officers to provide opinion testimony, which negated appellant's self-defense
claim. Though he concedes that this testimony was not objected to at trial, appellant
asserts that the trial court's admission of this testimony is fundamental error. According
to appellant, the two officers in question are widely known in the community, and their
notable, longstanding involvement in law enforcement service made their opinions "so
fundamentally prejudicial that Appellant's right to a fair trial was denied."

 In his second issue, appellant argues that his written custodial statement should not
have been admitted into evidence because appellant did not waive his Miranda rights
knowingly and voluntarily, due to his alleged impaired mental capacity stemming from
Alzheimer's and possible mental health issues. Appellant concedes that he did not object
at trial to the admission of his written statement, (3) but contends that its admission
constituted fundamental error.

Fundamental Error

 The general rule is that a contemporaneous objection is required to preserve error. (4) 
Failure to preserve error generally waives the error. (5) An appellate court may, however,
"tak[e] notice of fundamental errors affecting substantial rights although they were not
brought to the attention of the [trial] court." (6) No objection is required when the error is so
egregious that it rises to constitutional dimensions. (7) Fundamental errors exist when rights
are violated that are considered so fundamental to the proper functioning of our
adjudicatory process that they cannot be forfeited, i.e., they are not extinguished by
inaction alone. (8) For an accused to lose a fundamental right, he or she must expressly
relinquish that right. (9)

Discussion

 Appellant makes no attempt to cite cases supporting his claim that errors similar to
those he identifies here were found to be fundamentally erroneous. Moreover, we note
that the court of criminal appeals has "consistently held that the failure to object in a timely
and specific manner during trial forfeits complaints about the admissibility of evidence. 
This is true even though the error may concern a constitutional right of the defendant." (10) 
Because error, if any, in allowing the introduction of the written statement (11) or the opinion
testimony, does not constitute fundamental error, we overrule appellant's two issues on
appeal.

Conclusion

 We affirm the judgment of the trial court.




 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 26th day of July, 2007.

1. Tex. Penal Code Ann. § 19.02 (Vernon 2006).
2. As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them
here except as necessary to explain the Court's decision and the basic reasons for it. See Tex. R. App. P.
47.4.
3. We note that no evidence was offered raising an issue as to the voluntary nature of the statement
prior to the time it was admitted in evidence, and none was thereafter offered raising such issue. No objection
was made to the admission of the statement on the ground it was not voluntarily made. No request was made
that an issue as to the voluntary nature of the written statement be submitted to the jury, and none was
submitted.
4. Tex. R. App. P. 33.1(a); Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (plurality op.);
Jaenicke v. State, 109 S.W.3d 793, 795 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd). 
5. Hull v. State, 67 S.W.3d 215, 217-18 (Tex. Crim. App. 2002); Muniz v. State, 851 S.W.2d 238, 255
(Tex. Crim. App. 1993). 
6. Tex. R. Evid. 103(d); see Jasper v. State, 61 S.W.3d 413, 420 (Tex. Crim. App. 2001); Blue, 41
S.W.3d at 132.
7. See Jasper, 61 S.W.3d at 421; Blue, 41 S.W.3d at 130.
8. Blue, 41 S.W.3d at 131. 
9. Id.; Nunez v. State, 117 S.W.3d 309, 319 (Tex. App.-Corpus Christi 2003, no pet.).
10. Saldano v. State, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002).
11. See Brooks v. State, 399 S.W.2d 357, 359 (Tex. Crim. App. 1966) (finding that no error was
presented by defendant who contended that it was fundamental error for the trial court to admit his written
statement, which he alleged was involuntarily given, because appellant failed to raise an issue as to whether
the statement was involuntary at trial).