BUCK ROSS v. THE STATE.

No. 3247.   Decided October 21, 1914.

**1.—Manslaughter—Bills of Exception.**

Where, upon trial of murder, and a conviction of manslaughter, the bills of exception were not filed within thirty days after adjournment of the court and no additional time was granted, they will be stricken out on motion of the State.

**2.—Same—Objections—Charge of Court.**

Where the purported exceptions to the charge of the court were filed, but it did not appear from the record that they were ever presented to the trial judge before his charge was read to the jury, the same can not be considered on appeal.

**3.—Same—Objections to Charge—Statutes Construed.**

Not only must objections in writing be made to the charge of the court before it is read to the jury, but if the court overrules the objections, a bill of exceptions must be reserved to the action of the court and be incorporated in the record. Following Eldridge v. Citizens Ry. Co., 169 S. W. Rep., 375, and other cases.

**4.—Same—Charge of Court—Objections.**

Even if the objections to the court's charge were considered, they present no error, as the first complaint as to the charge of murder passed out of the case, and the issue of defense of property was not raised by the evidence, and the question that the jury considered outside evidence is not borne out by the record.

**5.—Same—Admonition to Counsel—Objections to Charge of Court.**

This court calls attention of counsel to the Act of the Thirty-third Legislature which requires them not only to object to the charge of the court in writing before it is read to the jury, but to reserve their exceptions by proper bill of exceptions in case the objections to the charge are overruled; if the court corrects his charge in accordance with the request made, the objections have no place in the record.

Appeal from the District Court of Fayette.   Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*C. D. Krause* and *J. T. Duncan,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of manslaughter and his punishment assessed at four years confinement in the penitentiary.

The Assistant Attorney General has filed a motion to strike from the record the bills of exception because not filed within the time allowed by law.   The statute gives thirty days after adjournment of court in which to prepare and file bills of exception, and if more time is desired application must be made to the trial judge, who may grant or refuse such permission.   In this case no application was made for additional time, and the court granted none, as shown by the record before us, and under such circumstances the motion of the Assistant Attorney General is sustained, the bills not having been filed within the time allowed by law.

There is what is termed in this record "defendant's exceptions to the charge of the court."   This is not verified in any way.   The trial judge's name is not appended thereto nor is it in any manner approved in a way so as to make it properly a record paper.   It is true that the file marks of the clerk appear thereon and show this paper was filed May 16, 1914, the same date the court's charge was filed, but this does not evidence the fact that it was presented to the trial judge before his charge was read to the jury, or that it was ever presented to the trial judge. The radical changes made by the Thirty-third Legislature in regard to these matters has been frequently before our civil courts, and in each and every instance, so far as we have been able to ascertain, the holding has been that the fact that the objections were made before the charge was read to the jury must be evidenced by a bill of exceptions approved by the trial judge.   (Eldridge v. Citizens Ry. Co., 169 S. W. Rep., 375; Heath v. Huffhines, 168 S. W. Rep., 974; Gulf, T. & W. Ry. Co. v. Culver, 168 S. W. Rep., 514; Ford Motor Co. v. Freeman et al., 168 S. W. Rep., 80; Southwestern Ry. Co. v. Wadsack, 166 S. W. Rep., 420; Sanders v. Thut, 165 S. W. Rep., 553; Johnson v. Hoover & Lyons, 165 S. W. Rep., 900; Quanah, A. & P. Ry. Co. v. Galloway, 165 S. W. Rep.,

546.)   Other cases from our civil courts construing these amendatory
Acts could be cited but as the cases above quoted discuss the matter fully
from every viewpoint we deem it unnecessary to cite others.   It appears
that not only must objection in writing be made to the charge before it
is read to the jury, but if the court overrules the objections a bill of
exceptions must be reserved to the action of the court and be incor-
porated in the record.   We think this the correct rule, unless we should
be considering matters not verified properly.   However, if we should
ignore the statute, which we have no right to do, and consider the objec-
tions made to the charge, they present no error.   The first complaint
is the court erred in submitting the issue of murder.   The jury found
appellant guilty of manslaughter only, consequently this presents no
error.   The next two grounds relate to the failure of the court to submit
the issue that defendant had the right to slay in defense of his property.
Take the case from appellant's standpoint, or testimony alone, is this
issue presented?   Appellant was manager of a pool hall, in which all
were admitted.   Deceased came into his pool hall, raised a row, pulled
his knife, when appellant fled, deceased pursuing him.   Deceased was
caught by bystanders and carried out of the pool hall.   Appellant then
got a gun and went to the door of the pool hall.   He says deceased had
a bottle in his hand advancing towards the pool hall when he called to
him not to come any nearer.   That deceased continued to approach and
drew his hand back with the bottle in it as if to strike, when he shot.
This does not raise the issue of defense of property.  · Deceased was not
attempting to take appellant's property, nor any part thereof, nor in
any manner injure the property.   According to his testimony it was
appellant deceased was after and him alone, and the court submitted
self-defense in a manner not otherwise complained of by appellant.
Appellant's objections show that he also objected to that portion of the
charge which instructed the jury that what they may have heard of the
case, either from hearsay or otherwise, or should any juror have any
knowledge as to the character of any witness who has testified on the
trial, either in favor of or against the witness,· such juror *is prohibited
from stating such knowledge to his fellow jurors,* and to confine them-  ·
selves alone to the evidence adduced on the trial.   Had the jurors stated
any fact which they were prohibited by this charge from stating, it .
would be error in that they would be considering additional evidence
to that adduced on the witness stand, and the criticisms of this part
of the charge present no error.

The bills relating to the admissibility of testimony can not be con-
sidered as the bills of exception were not filed within the time per-
mitted by law.

We trust that counsel in all cases will pay more attention to the Act
of the Thirty-third Legislature which requires them to object to the
charge of the court before it is read to the jury, and if they do object
to the charge or any part thereof they will preserve such objections in
a proper bill of exceptions.  ·This is now required by the statute law
of the State, and it will aid this court materially.  ¨ After objections

are made, should the court correct his charge in accordance with the request made, the objections have no place in the record. We have but recently, in another case, read a lengthy list of objections, and when we turned to the charge as given it was manifest that each objection made had been sustained and the court's charge changed to conform with the requests made, putting much unnecessary labor on the court. A man's life and liberty is dear to him, and if error is manifest in the record we feel inclined to give him the benefit of it and reverse the case in so far as we may do so under the law as passed by the Legislature. But we are unable to do so when the record is not prepared in the way required by law. We have said this much in this case because in it appellant has suffered no injury, as herein shown, by the failure of counsel to preserve in a proper bill of exceptions their objections to the charge of the court. We trust that in future it will not be necessary to again refer to it, but counsel will present by proper bills of exception all errors relied on to reverse the case. The law-making body, the Legislature, has seen proper to make these changes in our procedure and by them we are bound.

The judgment is affirmed.

*Affirmed*