### L. M. GRISHAM v. THE STATE.

No. 3818.   Decided November 10, 1915.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence, although conflicting, sustained the conviction, there was no reversible error.

**2.—Same—Charge of Court—Objection—Practice on Appeal.**

In the absence of a showing that defendant's exceptions to the charge of the court were presented to the trial judge, or called to his attention before the trial was completed, they can not be reviewed on appeal. Following Ross v. State, 75 Texas Crim. Rep., 59.

Appeal from the District Court of Trinity. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of a violation of the local option law; penalty, one year confinement in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, and *J. A. Platt,* District Attorney, for the State.—On question of court's charge and objections thereto: Schoenerstehdt v. State, 117 S. W. Rep., 829.

PRENDERGAST, Presiding Judge.—Appellant was convicted for unlawfully selling intoxicating liquor in a prohibition county, a felony, and his punishment assessed at the lowest prescribed by law.

He contends that the evidence is insufficient to sustain the verdict. The State's witness testified positively that the appellant sold him intoxicating liquor at the time and place alleged in the indictment. He denied this. That was a question for the jury. We can not disturb the verdict.

There appears in the record what is termed "appellant's exceptions to the charge of the court." However, it is in no way verified by the trial judge, and it is not shown anywhere or in any way that it was presented to the trial judge for his action, or that it was ever called to his attention at any time before the trial was concluded. Hence it can not be considered. Ross v. State, 75 Texas Crim. Rep., 59, 170 S. W. Rep., 305.

The judgment is affirmed.

*Affirmed.*