HELMUTH ECKERMAN V. THE STATE.

No. 17823. Delivered December 18, 1935.
Rehearing Denied January 29, 1936.

The opinion states the case.

*Oscar Frink,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of two hundred dollars and confinement in jail for sixty days.

Mrs. Elenore Eckerman owned a place consisting of approximately 320 acres. Her three.children—appellant, Louis Eckerman, the injured party, and Mrs. Wohlschiess—lived on said place, each being alloted a certain number of acres. Appellant and Louis Eckerman had had prior difficulties growing out of the fact that Louis objected to appellant shooting birds on the place. Appellant testified that Louis wanted to secure possession of the entire property. He said his sister told him that Louis said he was going to ask his mother to request that he (appellant) leave the place and that if he did not leave quietly "he (Louis) would beat hell out of him." He testified further that he had asked Louis not to cross his land.

On the occasion of the alleged assault Louis was cutting some brush on some land which, according to his testimony, was not in the possession of appellant. Appellant approached from his home with a twenty-two rifle, and when within forty or fifty yards of him, cursed him and told him to run. Appellant immediately shot him in the hip with the rifle.

Appellant testified that when he went to the place where Louis was grubbing he asked him: "Louis what do you think you are doing there?" Louis swore at him and came toward him with an axe. When Louis was between thirty and forty yards of him he shot at Louis twice with the twenty-two rifle. He did not know that he had hit him. He did not take the gun to the place for the purpose of running Louis off or of shooting him, but carried said gun for the purpose of killing a rabbit. He testified to the further effect that the only reason he shot at Louis was because he believed that he was going to injure him with the axe. He said that Louis was on his (appellant's) land.

The physician who examined the injured party testified that the wound was superficial.

We are unable to agree with appellant's contention that the Court committed error in declining to submit an instruction to the effect that appellant had the right to use all necessary force to prevent or interrupt an intrusion upon his premises. Appellant sought to justify his action in firing at Louis solely on the ground that he believed he was preparing to injure him with the axe. Under the entire record, the true issue was whether appellant fired the shot in defense of his person. See Beggs v. State, 60 S. W. (2d) 241.

The court declined to give appellant's requested instruction submitting the law of communicated threats. The threat testified to by appellant was purely conditional and there was no evidence showing the happening of the condition. Under the circumstances, a charge on threats was not required. Mitchell v. State, 100 S. W., 930.

We are unable to reach the conclusion that the issue of simple assault was the case. We quote from Short v. State, 45 S. W. (2d) 587, as follows:

"It is clear from the provisions of article 1141, P. C., that it was never contemplated that an assault such as there defined could ever culminate in actual injury. In the present case, there was actual injury inflicted with a deadly weapon. There was no accident about it, unless bad marksmanship can be designated as an accident. Appellant says he did not intend to shoot any one in the car, but was only shooting to stop it. He was discharging the pistol purposely towards the car under circumstances which might have resulted in death or serious bodily injury. Violence having been inflicted with a deadly weapon, we see no escape from the application of subdivision 8 of article 1147, which makes an assault aggravated when 'committed with deadly weapons under circumstances not amounting to an intent to murder or maim.' "

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant urges that we paid no attention to his testimony, which he asserts much affects the legal issues involved. If we understand him, his claim is that his brother, whom he shot, was trespassing on land of their mother which this appellant had in charge,—and appellant seems of opinion that he had some right of acquittal on the ground of defense of property in such case. Louis, the injured brother, admitted that he was grubbing bushes on that part of his mother's land which appellant claimed, at the time he was shot, but we observe nothing in appellant's testimony asserting that he shot Louis because he was grubbing the bushes.

Our statute authorizing one to act in defense of property

(see Art. 1227, P. C.,) requires that the party defending on such ground must show that he made every other effort in his power to repel the aggression, before he would be justified in killing. We find nothing in this record showing any effort on the part of appellant, prior to the time of shooting his brother, to repel whatever aggression his brother might have been guilty of. If Louis had been in fact grubbing bushes out of the proposed road, in accordance with his testimony, upon that part of the mother's land claimed by appellant to be in his control, appellant would have had no right to shoot Louis without having first attempted to resort to other means of repelling the claimed aggression. Having considered the testimony of appellant in its entirety, we are unable to agree with his claim.

The motion for rehearing is overruled.

*Overruled.*