Joseph Callice **PELLERIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42792.

Court of Criminal Appeals of Texas.

April 22, 1970.

James W. Gregg, Rosenberg, Logene L. Foster, Sugar Land, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is murder with malice; the punishment, 10 years.

The record reflects that in the presentation of its case in chief the State offered, without objection, appellant's extrajudicial confession. It was stipulated that the confession was voluntarily given and legally taken. In such statement appellant admitted the deceased and his wife, good friends for several years, had come to the appellant's home on March 13, 1969, at his (appellant's) invitation; that they drank, ate and played pool; that during the course of the afternoon the deceased questioned the actions of the appellant in disciplining his grandchildren who lived with him and an argument ensued; that the deceased was asked to leave and though he started to the front door he "stopped"; that the appellant then went upstairs and got his pistol and when he returned the argument resumed; that the appellant again asked the deceased to leave and the deceased reminded him his (the deceased's) wife was still there; that the deceased again started to the front door but stopped in the middle of the living room and when he began to turn toward the den the appellant commenced shooting and continued until his pistol was empty.

Appellant's son-in-law, who was in the house at the time, related he heard the argument, saw his father-in-law shoot at something and then found the body of the deceased. He then called the sheriff at appellant's request and got the appellant a beer.

The State offered the testimony of the investigating officers and evidence as to the cause of death, being gunshot wounds of the chest and abdomen.

■ Testifying in his own behalf the appellant admitted the shooting but claimed he acted in self-defense.

The jury by their verdict rejected such defense, and we find the evidence sufficient to support the verdict. There is no merit in appellant's contention the court erred in failing to grant his motion for an instructed verdict at the close of the State's case in chief.

Next, appellant complains of the court's refusal to charge in connection with the law of self-defense on his right to shoot and to continue to shoot so long as there was danger or apparent danger as viewed from his standpoint at the time. Appellant apparently overlooks the fact that in the court's instructions relating to the law of self-defense of his person the charge asked for was given in substantially the same language as requested. No error is presented.

Lastly, appellant complains of the court's failure to respond to his special requested charge on defense of property or habitation. Assuming without deciding the requested charge was correct as to the law, we cannot conclude the evidence was such as to have required the court to so charge. See 29 Tex.Jur.2d, Homicide, Sec. 300, p. 559.

The judgment is affirmed.