Floyd Thomas **ROGERS**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 01–81–0597–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 9, 1983.

Discretionary Review Refused
Sept. 14, 1983.

---

Jules Laird, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris Co., Houston, for appellee.

Before BASS, JACK SMITH and CO-HEN, JJ.

### OPINION

COHEN, Justice.

Appellant was convicted of murder with punishment set by the jury at fifty years imprisonment.

■ Appellant makes two attacks upon the jury charge. He first complains that fundamental error occurred in the charge at the guilt stage when the court failed to properly apply the law to the facts when instructing the jury on self-defense regarding the second paragraph of the indictment. No objection on this basis was made at trial, and appellant concedes that the instruction was proper in the abstract and as applied to

the first paragraph of the indictment. The second paragraph of the indictment alleged the offense of murder as condemned in Tex.Penal Code Ann. § 19.02(a)(2) (Vernon 1974).

Appellant relies upon *Williams v. State,* 547 S.W.2d 18 (Tex.Cr.App.1977); *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975); and *Perez v. State,* 537 S.W.2d 455 (Tex.Cr.App.1976). None of these cases are in point, since they reversed because the jury charges totally failed to apply the law to the facts on any element of the crimes charged. This is different from the defect complained of in this ground of error, namely, the failure to apply the law to the facts only as to real or apparent danger on the theory of self-defense. One of the cases appellant relies upon, *Harris, supra,* held that an objection was required to preserve error when a charge failed to apply the law to the facts on a defensive issue. *Harris, supra,* at 202. See also *Peterson v. State,* 508 S.W.2d 844 (Tex.Cr.App.1974); *Williams v. State,* 508 S.W.2d 83 (Tex.Cr.App. 1974). The defect does not constitute fundamental error. Ground of error one is overruled.

■ Appellant's second ground of error complains that the indictment is fundamentally defective in the second paragraph because it contains no sufficient allegation of a culpable mental state, as required by the panel decision of the Court of Criminal Appeals in *Lugo-Lugo v. State,* No. 60018 (Tex.Crim.App., December 15, 1982). On April 27, 1983, the en banc decision in *Lugo-Lugo,* 650 S.W.2d 72 (Tex.Cr.App.1983), was delivered unanimously affirming the judgment of conviction, withdrawing the panel opinion, and holding that no fundamental error was presented by an allegation like the one discussed in this ground of error. Ground of error two is overruled.

■ In ground of error three, appellant asserts that the trial court committed reversible error by overruling his objections to the charge and refusing to submit his specially requested charge stating that the appellant had a right to use deadly force to defend his habitation and, in so doing, had

no duty to retreat. Appellant relies upon *Sledge v. State,* 507 S.W.2d 726 (Tex.Cr. App.1974). *Sledge* reversed a judgment of conviction for assault with intent to murder with malice, an offense under the former Penal Code in effect before 1974, because of the trial court's failure to submit a jury charge on the defense of habitation. The court held that the charge given on self-defense did not render unnecessary a separate charge on the defense of habitation. We note that *Sledge,* decided April 3, 1974, did not construe any provision of our present Texas Penal Code which took effect January 1, 1974. The conviction in the instant case was obtained under the 1974 Penal Code, and the right to a charge on defense of habitation is governed by Penal Code § 9.41 and § 9.42. Penal Code § 9.42 provides:

"A person is justified in using deadly force against another to protect land or other tangible, movable property:

(1) if he would be justified in using force against the other under § 9.41 of this Code; and

(2) when and to the degree he reasonably believes the deadly force is necessary:

(A) to prevent the others' imminent commission of arson, burglary, robbery, aggravated robbery, theft during the nighttime, or criminal mischief during the nighttime; or

(B) to prevent the other who is fleeing immediately after committing burglary, robbery, aggravated robbery, or theft during the nighttime from escaping with the property; and

(3) He reasonably believes that:

(A) the land or property cannot be protected or recovered by any other means; or

(B) the use of force other than deadly force to protect or recover the land or property would expose the actor or another to a substantial risk of death or serious bodily injury."

Tex.Penal Code Ann. art. 9.41 provides in pertinent part:

(a) a person in lawful possession of land or tangible movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the others' trespass on the land or unlawful interference with the property.

The court gave an instruction on the right to use deadly force in defense of appellant's own person. The court also charged on the lesser included offense of voluntary manslaughter.

There is no evidence from any source that appellant shot the victim in order to prevent the imminent commission of arson, burglary, aggravated robbery, or theft or criminal mischief during the nighttime, nor was there evidence that the victim committed any such offense and was fleeing immediately thereafter. To the contrary, appellant specifically stated that he feared for his life and believed the victim was reaching into his hip pocket for a weapon to use against him.

Appellant was living with the wife of the deceased at the time of the murder. He had previously been threatened by the victim, and he had received phone calls from an unknown caller on the morning of the murder threatening him with death. Throughout appellant's narration of the history of his relationship with the victim and the victim's wife, and of the events of the day of the murder, there was never any mention of the imminent commission or commission and flight from any of the offenses listed in art. 9.42.

Many cases decided before *Sledge* construed the lawful violence provisions of the former Penal Code and held that no error was committed by failing to charge on defense of habitation where there was no evidence that the victim made any effort to injure or remove any of the defendant's property, and where the defendant testified that he killed the victim only to defend himself because he feared for his life. *Johnson v. State,* 305 S.W.2d 606 (Tex.Cr. App.1957); *Ashworth v. State,* 148 Tex. Cr.R. 561, 189 S.W.2d 875 (Tex.Cr.App.

1945); *Eckerman v. State,* 129 Tex.Cr.R. 563, 89 S.W.2d 999 (Tex.Cr.App.1935); *Beggs v. State,* 124 Tex.Cr.R. 1, 60 S.W.2d 241 (Tex.Cr.App.1933). These cases were specifically noted in *Sledge* as being contrary to the holding therein, but they were neither effectively distinguished nor overruled. *Sledge, supra,* at 729, note 3. See also *Pellerin v. State,* 454 S.W.2d 744 (Tex. Cr.App.1970); *Ross v. State,* 75 Tex.Cr.R. 59, 170 S.W. 305 (Tex.Cr.App.1914).

Some light is shed on this issue by the practice commentary to Penal Code § 9.43, which states:

Section 9.42 basically preserves Penal Code art. 1222. That article justified deadly force to prevent commission of a long list of felonies; felonies threatening violence primarily to property are covered in § 9.42(2) and those threatening violence primarily to persons are covered in § 9.32(3)(B). (Deadly force in defense of person) (*Naturally there will be overlap between the two sections but one hopes the courts will not require separate charges, for example in the prosecution of a defendant claiming he killed to prevent aggravated robbery.*)

We believe the enactment of §§ 9.31, 9.32, 9.41 and 9.42 of the 1974 Penal Code have diminished the authority of *Sledge v. State* and other cases reaching the same result. We hold that the requested jury instruction on defense of habitation was properly refused.

For the reasons stated in *Valentine v. State,* 587 S.W.2d 399, 402–403 (Tex.Cr.App. 1979), we need not decide whether the court should have instructed the jury that there is no duty to retreat to repel an assault against one who is in the confines of his home.

Ground of error three is overruled.

■ In ground of error four, appellant asserts that the prosecutor committed reversible error by arguing to the jury at the punishment stage that, "... what you are going to do here today is, you are going to be able to set a standard or to maintain a standard of punishment for the person who

commits murder." We view this as a proper plea for law enforcement, but, if it was not, appellant's general objection was insufficient to preserve the error for review. Ground of error four is overruled.

In ground of error five, appellant complains that the prosecutor committed reversible error by arguing to the jury at the punishment stage that, " . . . I am going to ask that you assess a punishment of fifty years, and this is the reason why. If this were the average murder case, I would ask you to assess . . .". At this point appellant's objection was sustained and the court instructed the jury to disregard the prosecutor's statement. The prosecutor never finished the sentence. Appellant's motion for mistrial was denied. We hold that the instruction to disregard was sufficient to cure any error. *Johnson v. State*, 583 S.W.2d 399 (Tex.Cr.App.1979). When the prosecutor later argued that this was an average murder case, there was no objection on that basis and thus the error is waived. Ground of error five is overruled.

In ground of error six, appellant complains that the prosecutor committed reversible error by arguing that the jury should return a verdict that they could be proud of. The complained of argument and the action of the court is as follows:

(1) "You will go back to your families, your places of business, and people are going to say . . . 'where have you been the last week?' " (objection sustained, no further relief requested);

(2) "What type of case was it that you served on?" (objection sustained, no further relief requested);

(3) "Well, I was down serving on a jury in a murder case." (objection sustained, no further relief requested);

(4) "They will probably want to know, 'well, what did you do about it?' " (objection sustained, no further relief requested);

(5) "I hope that anything you do here in terms of punishment . . . you will be proud of." (no objection).

Jury argument almost identical to this was approved in *Whittington v. State*, 580 S.W.2d 845, 847 (Tex.Cr.App.1979). Furthermore, in four of the five instances above, appellant received all the relief he asked for and failed to press the court to an adverse ruling, thus waiving any error. Ground of error six is overruled.

In ground of error seven, appellant complains that the prosecutor committed reversible error by arguing at the punishment stage as follows:

The defendant seated over there, one thing you can rest assured of even when he told you that he did not accept your verdict that he was not guilty of murder I think it's just evidence that *he doesn't care anything for you. The only thing you are to him is just an obstacle between him and the penitentiary.*

The court overruled appellant's objection that this was unsworn testimony.

Appellant relies on *Prado v. State*, 626 S.W.2d 775 (Tex.Cr.App.1982), in which the court reversed because of the State's argument that the community would want the defendant to go to the penitentiary if they knew what he had done.

In this case, the prosecutor's statement that the appellant "did not accept your verdict" was a reasonable deduction from appellant's testimony during the punishment stage that he had not murdered anyone. We view this as both a proper plea for law enforcement and a reasonable deduction from the evidence. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973).

In ground of error eight, appellant complains that the prosecutor committed reversible error by arguing at the guilt stage as follows:

He told the police. "Let me talk to the man." Let me talk to him, not let me fight him, not let me shoot him. Let me talk to him. But, at the time of trial and after consult with his attorney, now he remembers another segment of the story, another segment of the house he forgot something that important to tell the police. That's very important. The man

tried even to kill him. He's going to tell the police officers that but, he never put that in his statement. Why do you think he didn't do that? You see, he didn't remember that until after consulting with these very skilled lawyers that he has.

Appellant's counsel objected that "it's improper to infer that attorneys put words in his mouth." The court, stated, "Just stay in the record gentlemen. The jury has heard the evidence. Argue the case on the facts. Please proceed. He may argue."

 An admonition to "stay in the record" is not an adverse ruling. *Graham v. State,* 566 S.W.2d 941, 954 (Tex.Cr.App. 1978). If the court's words, "he may argue", are viewed as overruling the objection, we hold that there was no error since this was a reasonable comment on the evidence and upon the appellant's credibility based on apparent variances between his trial testimony and written confession. Ground of error eight is overruled.

In ground of error nine, appellant complains that the prosecutor committed fundamental error by making four separate arguments to the effect that appellant's attorneys were deliberately misleading the jury by using deceptive trial tactics. In two instances, no objection was made at all to the arguments now complained of and, consequently, any error was waived. In the other two instances, the court was not pushed to an adverse ruling, but was permitted merely to instruct counsel to stay in the record and move on and to note that the jury had heard all the facts and the law. This is not an adverse ruling. *Graham v. State, supra.* Ground of error nine is overruled.

The judgment of the district court is affirmed.