NO. 12-04-00049-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


ELLIOTT PRUITT,                                           §     APPEAL FROM THE 
APPELLANT

V.                                                                         §     COUNTY COURT AT LAW OF

THE STATE OF TEXAS,
APPELLEE                                                        §     NACOGDOCHES COUNTY, TEXAS





MEMORANDUM OPINION
            Elliott Elijah Pruitt appeals his jury conviction for driving while intoxicated. The trial court
assessed punishment at ninety days of confinement in the county jail, probated for twelve months, 
and a $1,000.00 fine. Appellant asserts the trial court erred in allowing impermissible bolstering of
a State’s witness. We affirm.
Issue Presented
            In his sole issue on appeal, Appellant contends the trial court erred in allowing the State to
use prior consistent statements of the arresting officer that did not seek an answer, but rather repeated
prior testimony, to enhance the witness’s credibility in violation of Rule of Evidence 613(c). 
Appellant complains of the following colloquy between the prosecutor and the arresting officer:
 
[Prosecutor]: Okay. Was he able to perform the tests without these indications of intoxication?

              [Witness]: No. He did not, sir.
 
[Prosecutor]: And we’ve got to this point, his driving, the smell of alcohol, the glassy stare, the speech,
the unsteady –
 
[Defense counsel]: I will object to this. This question has obviously no other purpose than to bolster
or reenforce previous testimony that the jury has heard.

              [Prosecutor]: I haven’t got to my question yet.

              THE COURT: You may asked [sic] the question.
 
[Prosecutor]: You performed the HGN. There are six possible clues. All six were present. You
administered this walk and turn. Can you tell the members of the jury what additional signs of
intoxication you saw with regard to the walk and turn?
 
[Defense counsel]: I still object, because it obviously sets up to reinforce redundancy, which surely
the jury can remember. The form of the question should be, did you perform any other test.

              THE COURT: I’ll instruct the County Attorney to move along and not repeat things.
 
Discussion
            Appellant complains of the prosecutor’s question, not testimony. Rule of Evidence 613(c)
provides that a prior statement of a witness which is consistent with the testimony of the witness is
inadmissible except as rebuttal testimony as provided in Rule 801(e)(1)(B). Tex. R. Evid. 613(c). 
Appellant relies solely on Rule 613(c) in support of his complaint and has not provided us with
applicable authority. 
            Further, in order to preserve error for review, a timely and specific objection must be
followed by an adverse ruling. Tex. R. App. P. 33.1(a); Ramirez v. State, 815 S.W.2d 636, 643 (Tex.
Crim. App. 1991). The record must clearly reflect that the trial judge in fact overruled the
defendant’s objection or error is waived. Id. Here, the court’s instruction to the county attorney to
“move along and not repeat things” did not constitute a conclusory or definite ruling adverse to the
objection. Any error is waived. Id.; Rogers v. State, 653 S.W.2d 122, 127 (Tex. App.-Houston [1st
Dist.] 1983, pet. ref’d) (Held that admonition to stay inside the record and to proceed is not an
adverse ruling.).
            Assuming arguendo that the trial court’s statement was a definite ruling, the context of the
statement shows that the ruling was not adverse to the objection. The trial court’s instruction appears
to be tantamount to agreement with Appellant’s complaint. Once the trial court sustains an
objection, it becomes incumbent upon Appellant to request an instruction to disregard and make a
motion for mistrial in order to preserve error. Nethery v. State, 692 S.W.2d 686, 701 (Tex. Crim.
App. 1985); Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). The only exception to this
general rule occurs where an instruction to disregard would not have cured the harm. Harris v.
State, 827 S.W.2d 949, 963 (Tex. Crim. App. 1992). This exception is limited to those instances
in which the statement is clearly calculated to inflame the minds of the jurors and is of such character
as to suggest the impossibility of withdrawing the impression produced on the jury’s mind. Gardner
v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987); Williams v. State, 916 S.W.2d 53, 57 (Tex.
App.–Houston [1st Dist.] 1996, no pet.). We do not believe the alleged objectionable questions were
of such character that any error in allowing the jury to hear them could not have been effectively
cured by an instruction to disregard. Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996). 
We overrule Appellant’s sole issue.
Disposition
            We affirm the trial court’s judgment.

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered April 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.














(DO NOT PUBLISH)