Affirmed and Memorandum Opinion filed November 15, 2005









Affirmed and Memorandum Opinion filed November 15,
2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00406-CR



 

____________

 

BEN
JOHNSON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________________

 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 960,471

_____________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Challenging his conviction for
aggravated robbery, appellant, Ben Johnson, presents five issues on
appeal.  Appellant complains about
various rulings made by the trial court during his jury trial and he also
alleges the pretrial line-up procedures were impermissibly suggestive.  We affirm appellant=s
conviction.








I.  Factual and Procedural
Background

On the evening of September 2,
2003, the complainant, Roger Gregory, stopped at a pay phone in a well-lit
strip center to call his sister and inform her not to make dinner as he had
already eaten.  While Gregory was talking
to his sister, a man, later identified as appellant, pulled his vehicle into
the parking lot and parked directly behind Gregory=s
vehicle.  Appellant was accompanied by
another man, later identified as Derrell Parker.  Appellant and Parker exited their vehicle and
approached Gregory.  Appellant pointed a
gun at Gregory and demanded his money and possessions, threatened to kill him,
and struck his head with the gun. Gregory then lost consciousness for
approximately a second. 

After Gregory regained his
senses, appellant placed the gun to Gregory=s head
and directed him to Gregory=s
vehicle.  Once appellant and Parker
completed their search of Gregory=s car,
appellant placed his gun to Gregory=s head,
directed Gregory away from the vehicle, and told Gregory not to turn
around.  After noticing that the gun was
no longer pointed at his head, Gregory turned around and saw appellant and
Parker driving away in Gregory=s vehicle
and in the one in which they had arrived. 
Gregory immediately went across the street to a fire station for
help.  The police were called and after they
arrived Gregory told them he had been robbed, and he gave a description of the
assailants. 

The following morning, Sergeant
Jim Schultea located Gregory=s vehicle
and immediately called for a patrol car. 
There were three people in the vehicle: appellant, Parker, and a
female.  When the patrol car arrived,
Parker accelerated the vehicle and it slid into a muddy ditch.  Parker jumped out and attempted to flee to an
abandoned building.  Both appellant and
Parker were apprehended, arrested, and brought to the police station for a
line-up.  Gregory was brought to the
police station to view the live line-up. 
Gregory immediately identified appellant and Parker as his
assailants.  Parker admitted at appellant=s trial
that he and appellant had robbed Gregory and stolen his vehicle. 








Appellant was charged with
aggravated robbery, enhanced by two prior felony convictions. A jury found
appellant guilty and assessed his punishment at fifty years=
confinement in the Texas Department of Criminal Justice, Institutional
Division. 

II.  Issues
Presented

Appellant asserts the following
issues on appeal: 

(1)       The prosecutor committed reversible error
by stating during voir dire that he prosecutes only cases in which he knows the
defendant is guilty. 

(2)       The trial court erred in overruling
appellant=s objection to the
prosecutor=s alleged comment on
appellant=s failure to testify. 

(3)       The trial court erred in overruling his
objection to the prosecutor=s use of the word Avictim.@ 

(4)       The pretrial line-up was impermissibly
suggestive.  

(5)       The trial court erred in not allowing
appellant to impeach the complainant with evidence of misdemeanor
convictions.  

 

III.  Analysis

A.        Did the prosecutor commit reversible error in telling jurors
that the Harris County District Attorney=s Office
prosecutes only cases in which it is convinced that the person charged is
guilty of the offense? 

In his first issue, appellant
contends that the prosecutor made an inappropriate comment during voir dire
when he stated that the District Attorney=s office
prosecutes only cases in which the prosecutors are convinced of the defendant=s
guilt.  Specifically, the prosecutor made
the following statement: 








So, let me talk about
something that prosecutors do.  A common
misconception that people have is that all we do is try and convict people,
seek convictions, put everybody behind bars that get arrested.  That=s not true.  Our job is to seek justice.  That=s codified in the
code.  The prosecutor=s job is to seek
justice.  Now, just because the police
investigate a case and hand it over to us doesn=t mean the investigation
stops there.  We at the DA=s office do our own
investigations.  We have investigators,
police officers who work for us and we have them dig up additional evidence, go
talk to more witnesses.  We do not
prosecute a case unless we think that person is guilty of the offense charged.  We never prosecute a case unless we=re convinced that the
person is guilty of that offense.  We dismiss
cases everyday.  Okay.  And some just for lack of evidence.  We may think a person is guilty but we don=t think we can prove
it.  So I just want to clear up that
misconception. 

(emphasis added.)

Generally,
a defendant=s failure to timely object to an
alleged error waives any complaint on appeal. 
See Tex. R. App. P. 33.1(a);
Norris v. State, 902 S.W.2d 428, 446 (Tex. Crim. App. 1995).  A defendant must object to a prosecutor=s statement
made during voir dire in order to preserve a complaint for appellate review.  See Draughon v. State, 831 S.W.2d
331, 336B37 (Tex.
Crim. App. 1992) (emphasis added); see also Hill v. State, 827
S.W.2d 860, 863B64 (Tex.
Crim. App. 1992) (indicating that error related to racially‑motivated
jury strikes may be waived by failure to object timely); Jenkins v. State,
870 S.W.2d 626, 629 (Tex. App.CHouston
[1st Dist.] 1994, pet. ref=d)
(holding that appellant waived complaint by failing to object at trial that the
prosecutor made an improper comment about appellant=s failure
to call witnesses during the trial); Day v. State, 784 S.W.2d
955, 957 (Tex. App.CFort
Worth 1990, no pet.) (concluding that defendant waived complaint related to
juror=s
qualifications when appellate complaint differed from trial objection).  Appellant makes this complaint for the first
time on appeal.  Because appellant failed
to voice an objection to the prosecutor=s
statement at trial, appellant failed to preserve error and thus presents
nothing for our review.  Accordingly, we
overrule appellant=s first
issue.  

B.        Did the trial court err in overruling
appellant=s objection when the
prosecutor purportedly commented on appellant=s failure to testify? 

 








In his
second issue, appellant contends the trial court erred in overruling his
objection when the prosecutor allegedly commented on his failure to
testify.  More specifically, appellant
complains of the following statement that the prosecutor made during his
closing argument: AYou=ve heard
from two of the three people who are there that night, the victim, and the
co-defendant.@ 
At trial, appellant objected that this statement was an improper comment
on appellant=s failure to testify.  The trial court overruled the objection.  We agree with the trial court=s
ruling.  Though a prosecutor may not
comment on the defendant=s failure
to testify, the comment which forms the basis of appellant=s
complaint does not rise to the level of an improper comment on appellant=s
decision not to testify.

A
prosecutor=s comment to the jury on an
accused=s failure
to testify violates the state and federal constitutional privileges against
self‑incrimination.  Bird v.
State, 527 S.W.2d 891, 893B94 (Tex.
Crim. App. 1975).  However, a remark by
the prosecutor only amounts to a comment on defendant=s failure
to testify if the prosecutor manifestly intends the remark to be, or the remark
is of such a character that a typical jury would naturally and necessarily take
it to be, a comment on the defendant=s failure
to testify.  See Wead v. State,
129 S.W.3d 126, 130 (Tex. Crim. App. 2004). 
It is not sufficient that the comment might be construed as an implied
or indirect allusion to the defendant=s failure
to testify.  See id.  To violate the defendant=s right
against self-incrimination, the comment must be viewed from the jury=s
standpoint and the implication that the comment referred to the defendant=s failure
to testify must be clear.  Bustamonte
v. State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). 








The
comment in question in this case does not necessarily refer to appellant=s failure
to testify because there were actually four people present when the robbery
occurredCappellant,
Parker, Gregory (the complainant), and a female that accompanied Parker and
appellant on the evening in question. 
Parker testified that while he and appellant robbed Gregory, the female
remained in appellant=s car,
which was parked behind Gregory=s
vehicle.  Therefore, other than
appellant, there were three other witnesses to the events in question.  As such, the prosecutor=s
comment, which suggests that the jury had not heard from Aone@ witness,
does not necessarily refer to appellant as the missing witness, as the witness
could have been the female who remained in the car.

Even if
the prosecutor=s remark were improper, the
remark does not demonstrate any willful or calculated effort on the part of the
State to deprive appellant of a fair and impartial trial.  See Biagas v. State, __ S.W.3d __,
2005 WL 267659 (Tex. App.CHouston
[1st Dist.] 2005, pet. ref=d)
(holding that prosecutor=s
statement during closing argument of guilt phase, in which prosecutor objected
to statement made by defense counsel=s during
his closing argument that defendant Adid not
know what was going on@ by
stating that defendant has not Atestified@
concerning what he knew, while improper, did not deprive defendant of fair
trial). Moreover, this comment does not constitute a comment on appellant=s failure
to testify.  See Tenner v. State,
763 S.W. 877, 881B82 (Tex.
App.CFort
Worth 1988, pet. ref=d)
(holding prosecutor=s comment
on absence of any witnesses corroborating defendant=s
out-of-court description of how victim=s injury
occurred was not a comment on defendant=s failure
to testify since one other witness, other than defendant, witnessed the injury;
comment could be a reference to the other witness= failure
to testify).  Accordingly, we overrule
appellant=s second issue. 

C.        Did the trial court err in overruling
appellant=s objection to the
prosecutor=s reference to a
complaining witness as a Avictim@ in the State=s voir dire?

 

In his
third issue, appellant contends the trial court erred in overruling his
objection to the prosecutor=s
reference to a complaining witness as a Avictim@ during
voir dire.  During a lengthy discussion
of the venireperson=s
abilities to convict a defendant on the basis of one witness in a hypothetical
case, the following exchange occurred: 

Venireperson:            By witness are you meaning the
person who wasBthe crime was perpetrated
against that would be a witness that would be called a witness? 

Prosecutor:                Anybody who takes the stand is
called a witness. 








Venireperson:            Okay.  So again it could be one-on-one or one on
one. 

Prosecutor:                But common sense you know and I=m going to put the victim
on and they=re the witness.  They were there. 

Defense Attorney:     Your Honor, I=m going to object to that
category. He=s the complaining witness. 

The Court:                  That=s overruled. 

(emphasis added).  To preserve a complaint for appellate review,
a person must voice an objection stating the grounds for the ruling he seeks
with sufficient specificity to make the trial court aware of the complaint.  See Tex.
R. App. P. 33.1(a)(1) (A). 
Regarding specificity, a defendant must let the trial court know what he
wants, why he thinks he is entitled to it, and do so clearly enough for the
judge to understand the request.  Lankston v. State, 827 S.W.2d 907,
909 (Tex. Crim. App. 1992).  On appeal,
appellant states that the prosecutor should not have been allowed to refer to
the complainant as the Avictim@ because
it constituted an impermissible comment on the weight on the evidence.  At trial, appellant=s
objection was different in that he objected to that Acategory.@  See Guevara v. State, 97 S.W.3d
579, 583 (Tex. Crim. App. 2003) (holding that an objection at trial not
comporting with the complaint on appeal does not preserve error for appellate
review).  Presuming the trial court
reasonably could have interpreted appellant=s use of
the phrase Athat category@ as a
reference to the prosecutor=s use of
the term Avictim,@
appellant=s objection failed to inform the
trial court why he thought this was a comment on the weight of the
evidence.  Appellant=s
objection lacked sufficient specificity to preserve any error.  Absent a specific objection, appellant
presents nothing for appellate review. 








Presuming
without deciding that this comment was improper, any error was harmless. Non-constitutional
error that does not affect substantial rights is subject to a harm analysis under
Texas Rule of Appellate Procedure 44.2(b). 
See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998);
Matz v. State, 21 S.W.3d 911, 912 (Tex. App.CFort
Worth 2000, pet. ref=d).  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury=s
verdict.  King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). 
Substantial rights are not affected by the erroneous admission of
evidence Aif the appellate court, after
examining the record as a whole, has fair assurance that the error did not
influence the jury, or had but a slight effect.@  Motilla v. State, 78 S.W.3d 352, 355
(Tex. Crim. App. 2002) (citations omitted). 
Neither the appellant nor the State has any formal burden to show harm
or harmlessness under Rule 44.2(b).  See
Burnett v. State, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002).  Rather, it is the appellate court=s duty to
assess harm after a proper review of the record.  Id. 
 








In
conducting the harm analysis, we consider everything in the record, including
any testimony or physical evidence admitted for the jury=s
consideration, the trial court=s
instructions to the jury, the State=s theory,
any defensive theories, closing arguments, and even voir dire if material to
the appellant=s claim.  Motilla, 78 S.W.3d at 355B56; Morales
v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).  In assessing harm, the factors to be
considered are the nature of the evidence supporting the verdict, the character
of the alleged error, and how the evidence might be considered in connection
with the other evidence in the case.  Motilla,
78 S.W.3d at 355; Morales, 32 S.W.3d at 867.  Whether the State emphasized the error can
also be a factor.  See Motilla, 78
S.W.3d at 356.  We ask if a reasonable
probability exists that the evidence, either alone or in context, moved the
jury from a state of nonpersuasion to one of persuasion beyond a reasonable
doubt.  Wesbrook, 29 S.W.3d 103,
119 (Tex. (Tex. Crim. App. App. 2000). 
The existence of substantial evidence of the defendant=s guilt
may be the most significant factor in a harm analysis.  Id. at 359.  Here, the evidence of appellant=s guilt
is overwhelming.  The complainant
(Gregory) testified that he made eye contact with appellant when appellant and
Parker approached and robbed him.  Except
for the few seconds that he was stunned from the blow to his head, Gregory was
alert and conscious during the entire robbery. 
Gregory identified appellant as his assailant both out of court and in
court.  Moreover, Parker testified that
he and appellant committed the robbery. 
Furthermore, unlike in the cases upon which appellant relies in support
of his argument on this issue, it is undisputed that Gregory was a victim
of a robbery.[1]  Most compelling, though, is the fact that
appellant and Parker were found driving Gregory=s stolen
vehicle the following day and both men fled when the police tried to detain
them.  See Bigby v. State, 892
S.W.2d 864, 884 (Tex. Crim. App. 1994) (holding that flight evinces a
consciousness of guilt).  Appellant presented no defensive
evidence.  Finally, the State did not
emphasize any alleged error; the State merely made the comment in response to a
hypothetical posed during questioning of a potential juror.  We conclude that there is not a reasonable
possibility that the alleged error affected the jury=s
deliberations or moved them from a finding of not guilty to a finding of
guilty.  See Wimbrey v. State, 106
S.W.3d 190, 192 (Tex. App.CFort
Worth 2003, pet. ref=d).  If the complaint had not been waived, any
error would be deemed harmless. 
Accordingly, we overrule appellant=s third
issue. 

D.        Were the pretrial line-up procedures impermissibly suggestive?

In his
fourth issue, appellant contends that Gregory=s
in-court identification of him was tainted by impermissibly suggestive line-up
procedures.  More specifically, appellant
contends that the line-up was impermissibly suggestive because he was the only
person in the line-up wearing muddy clothes, and only minutes before this
line-up, the complainant (Gregory) viewed his vehicle as it was recovered from
a muddy field. 








The
morning after the robbery, the police saw appellant and Parker in Gregory=s stolen
vehicle.  Parker sped away and a chase
ensued.  The chase ended when Parker
drove into a muddy field.  Appellant was
apprehended and in the course of his arrest, he was placed on the muddy
ground.  As a result, there was
apparently a light coating of mud on this clothing. After appellant and Parker
were arrested and taken to jail, the police allowed Gregory to view his
vehicle.  Immediately thereafter, the
police transported Gregory to the police station to view a live line-up, in
which appellant and Parker were both participants.  Appellant was apparently wearing the same
clothing that he was wearing at the time of his arrest.  There was a slight, but unnoticeable coating
of mud on appellant=s shirt
and pants. 

Gregory,
without hesitation, identified appellant and Parker as his assailants.  Gregory testified that there was nothing
suggestive about appellant or the line-up that compelled him to identify
appellant.  His identification of
appellant was based on his memory from the robbery.  The State argues that appellant waived the
complaint about the muddy clothing because his objection at trial was not
specific enough to encompass the complaint he voices on appeal.

We
disagree with the State=s waiver
argument, but conclude that appellant waived this complaint for failure to
obtain an adverse ruling from the trial court regarding this objection. To
preserve error for appellate review: (1) a party must make a timely, specific
objection; (2) the objection must be made at the earliest possible opportunity;
(3) the complaining party must obtain an adverse ruling from the trial court;
and (4) the issue on appeal must correspond to the objection made at trial.  See Tex.
R. App. P. 33.1(a); Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim.
App. 1998).  An objection is sufficient
to preserve error for appellate review if it communicates to the trial court
what the objecting party wants and why the objecting party thinks himself
entitled to relief, and does so in a manner clear enough for the court to
understand the objection at a time when it is in the best position to do
something about it.  See Lankston v.
State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).  But when it appears from the context that a
party failed to fairly and effectively communicated to the trial court the
objection, its basis, or the relief sought, the appellant=s
complaint has not been preserved.  Id.









Here,
appellant did not file a written motion to suppress the evidence based on
allegedly impermissible line-up procedures. 
Instead, appellant asserted an oral motion to suppress the in-court
identification based on appellant=s
contention that the pretrial line-up procedures were impermissibly
suggestive.  At the end of the trial
court=s
pretrial hearing on this motion to suppress, the following exchange occurred: 

The Court:                  Ya=ll have any authority you
want me to consider? 

[defense counsel]:     Your honor, there=s no authority for you to
consider in terms of C you=re the Judge of the facts
here.  If you do not believe the line-up
was prejudicial or suggestive then we get to the next step.  You believe it was suggestive then it=s whether or not the
in-court identification that was made today was tainted by it and that=s test ofC

The Court:                  I didn=t think it was
suggestive.  It didn=t look that way to me.

(emphasis added).

The
record must clearly reflect that the trial court, in fact, overruled the
defendant=s objection or error is
waived.  See Ramirez v. State, 815
S.W.2d 636, 643 (Tex. Crim. App. 1991). 
The record contains no ruling on the motion to suppress.  The trial court=s
comment, italicized above, was not an adverse ruling.  Because this was the only time appellant
objected to the pretrial line-up procedures and because appellant failed to
pursue his objection to an adverse ruling, we hold that he failed to preserve
any error for our review.  See Dixon,
2 S.W.3d at 265; Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996); Rogers v. State, 653 S.W.2d 122, 127 (Tex. App.CHouston
[1st Dist.] 1983, pet. ref=d)
(holding that trial court=s
admonition to stay inside the record and proceed was not an adverse ruling and
error was waived).








In any
event, even if the complaint had been preserved, we would find no merit in
appellant=s argument.  Appellant challenged the line-up
identification process in a pretrial hearing. 
During this hearing, appellant argued that the line-up was impermissibly
suggestive.  Appellant argues the trial
court should have suppressed Gregory=s in-court
identification because it was tainted by the pretrial line-up in which he had
mud on his clothing.  He argues that the
line-up was impermissibly suggestive because appellant was the only person who
had mud on his clothing, and the complainant (Gregory) viewed the line-up
shortly after he had viewed his stolen vehicle, which had mud on it and from
which the suspects were arrested. Appellant contends that if it were not for
the allegedly impermissibly suggestive line-up, Gregory would not have
identified him.  We disagree.

An in-court
identification is inadmissible if it has been tainted by an impermissibly
suggestive pretrial identification procedure. 
Ibarra v. State, 11 S.W.3d 189, 195 (Tex. Crim. App. 1999).  We perform a two-step analysis to determine
whether the trial court erroneously admitted in-court identification testimony,
inquiring: (1) whether the pretrial procedure was impermissibly suggestive; and
(2) if so, whether the suggestive pretrial procedure gave rise to a very
substantial likelihood of irreparable misidentification at trial.  Delk v. State, 855 S.W.2d 700, 706 (Tex.
Crim. App. 1993).  It is appellant=s burden
to prove the in-court identification is unreliable by proving both of these
elements by clear and convincing evidence.  See id. 
If the indicia of reliability outweigh the influence of an impermissibly
suggestive pretrial identification, the identification testimony is admissible.
 Id.








We first
must determine whether the pretrial line-up procedure used was impermissibly
suggestive.  The manner or the content of
a pretrial identification procedure may render it impermissibly suggestive.  See Barley v. State, 906 S.W.2d 27, 33
(Tex. Crim. App. 1995).  Gregory
immediately identified appellant and Parker as his assailants.  Appellant states that he would not have been
identified had he not had mud on this clothing. 
However, the police officer who conducted the line-up procedures,
Officer Jim Schultea, testified that there was not much mud on appellant=s
clothing.  The trial judge, who viewed
the videotape of the line-up, agreed that there was nothing suggestive about
it.  Moreover, Gregory testified that
there was nothing unique about appellant=s
appearance at the line-up that suggested appellant should be chosen.  Gregory testified that he identified
appellant because he remembered him distinctly from the night of the robbery.  In addition, after viewing the videotape of
the line-up, we agree that there was not any noticeable mud on appellant=s
clothing nor was there anything else about the pretrial line-up that made it
impermissibly suggestive. See Bethune v. State, 821 S.W.2d 222,
228 (Tex. App.CHouston [14th Dist.] 1991), aff=d, 828
S.W.2d 14 (Tex. Crim. App. 1992) (holding that photospread was not
impermissibly suggestive despite defendant wearing distinctive clothing); Epps
v. State, 811 S.W.2d 237, 244 (Tex. App.CDallas
1991, no pet.) (holding that pretrial photographic line-up was not so
unnecessarily suggestive and conducive to irreparable mistaken identification
that it denied defendant due process due to fact that defendant was only
subject wearing jacket or jacket and red shirt); Bickens v. State, 708
S.W.2d 541, 545 (Tex. App.CDallas
1986, no pet.) (concluding that photographic line-up was not impermissibly
suggestive despite defendant being the only individual wearing a suit, which
the victim described his assailant as wearing). 

We
conclude that the pretrial identification procedures were not impermissibly
suggestive and thus we need not address the second prong to determine whether
the pretrial procedures gave rise to a substantial likelihood of irreparable
misidentification.  See Barley v.
State, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995); see also Santos
v. State, 116 S.W.3d 447, 453 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d)
(holding that while pretrial procedures were suggestive, the trial court did
not abuse its discretion in allowing witness to make in-court identification
because it did not give rise to a substantial likelihood of irreparable
misidentification).  Accordingly, we
overrule appellant=s fourth
issue. 

E.        Did the trial court err in refusing appellant=s request to impeach the
complainant with misdemeanor convictions?

In his
fifth issue, appellant contends that the trial court erred in refusing his
request to impeach the complainant (Gregory) with various misdemeanor
convictions.  Appellant alleges that
because he was unable to Apaint a
complete picture of his accuser,@ he was
denied a fair trial.  We disagree.








Appellant
elicited testimony from Gregory which revealed that Gregory had used
drugs.  On re-direct examination, the
prosecutor specifically asked Gregory if he had ever used drugs or been
convicted of a crime involving drugs. 
Gregory responded that he had not. Appellant then requested permission
from the trial judge to inquire about Gregory=s
misdemeanor convictions for trespass and criminal mischief.  Appellant argued that Gregory=s testimony
that he did not have any misdemeanor drug convictions opened the door for other
misdemeanor convictions.  The trial court
denied this request. 

We review
the trial court=s
admission or exclusion of evidence under an abuse-of-discretion standard.  See Goff v. State, 931 S.W.2d 537, 553
(Tex. Crim. App. 1996).  A trial court
has wide discretion in its decision to admit or exclude evidence.  Theus v. State, 845 S.W.2d 874, 881
(Tex. Crim. App. 1992).  A trial court=s
evidentiary ruling should not be disturbed on appeal unless it is an abuse of
discretion.  Goff, 931 S.W.2d at
553; Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993).  If the trial court=s ruling
is within the reasonable zone of disagreement, then an appellate court should
not disturb it.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990).








Simply
stated, Texas Rule of Evidence 609(a) allows use of evidence of a conviction
for impeachment purposes under certain circumstances, but not with a
misdemeanor conviction.  See Tex. R. Evid. 609(a), (c)(2);[2]
Ex parte Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993).  However, a witness may open the door to
otherwise inadmissible evidence of prior convictions when he creates a false
impression about his criminal history.  See
James v. State, 102 S.W.3d 162, 180B81 (Tex.
App.CFort
Worth 2003, pet. ref=d).  This exception is construed narrowly.  See  id.
 Here, the prosecutor asked Gregory
if he had ever been convicted of an offense involving drugs.  In truth, Gregory responded that he had
not.  The scope of this exchange did not
create any false impression of his criminal history nor did it open the door to
questions regarding offenses that did not involve drugs.  See Hammett v. State, 713 S.W.2d
102, 104B06 (Tex.
Crim. App. 1986) (holding that defendant=s
testimony that he had been arrested for public intoxication in 1983 and that
was the only time he had been arrested for public intoxication did not open the
door to the admission of his misdemeanor criminal mischief conviction); Rodriguez
v. State, 974 S.W.2d 364, 367B69 (Tex.
App.CAmarillo
1998, pet. ref=d) (holding that defendant=s
testimony indicating that he did not have the nature to commit sexual assault
did not open the door to admissibility of his DWI and criminal mischief
offenses).  

Moreover,
the record reflects that appellant was permitted to impeach Gregory with his
prior felony convictions for aggravated robbery and auto theft.  Indeed, appellant elicited testimony from
Gregory that revealed the complainant had been released from prison the
previous year and had been on parole at the time of the robbery.  Thus, considering that the jury already knew
Gregory was a convicted felon, any value that might have been gained by also
showing the misdemeanor convictions would have been minimal.  Accordingly, we overrule appellant=s fifth
issue. 

Having
overruled all of appellant=s issues,
we affirm his conviction. 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed
November 15, 2005.

Panel consists of Justices Hedges, Fowler, and
Frost.

Do
Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The Texas
authorities upon which appellant relies are not applicable to the facts of this
case because they involve a judge=s, not a
prosecutor=s reference to the complainant as the Avictim@ in sexual assault cases.  See Veteto v. State, 8 S.W.3d 805, 816
(Tex. App.CWaco 2000, pet. ref=d)
(holding that the judge=s use of the term Avictim@ was considered a comment on the weight of the
evidence because it was disputed whether the complainant had actually
been the victim of a crime); Silva v. Sate, 831 S.W. 819, 823B24 (Tex. App.CCorpus
Christi 1992, no pet) (same); Talkington v. State, 682 S.W. 674,
675 (Tex. App.CEastland 1984, pet. ref=d)
(same).





[2]  A witness may
be impeached with a misdemeanor involving moral turpitude.  See Tex.
R. Evid. 609(a).  However,
appellant never argued at trial that Gregory=s
misdemeanor convictions involved moral turpitude.